IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 53 MR WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| APPROXIMATELY $9,393.00 IN U.S. CURRENCY seized from Blade Frierson on September 26, 2019 in Buncombe County, North Carolina; | ) ) ) ) ) | |
| | ) | |
| APPROXIMATELY $24,484.00 IN U.S. CURRENCY seized from Blade Frierson on September 26, 2019 in Buncombe County, North Carolina; and | ) ) ) ) ) | |
| | ) | |
| ONE 2019 TOYOTA TUNDRA CREWMAX TRUCK, VIN 5TFHY5F16KX809215 | ) ) ) ) | |
| Defendants, | ) ) | |
| BLADE CHRISTIAN FRIERSON, | ) ) | |
| Claimant. | ) ) | |

This matter is before the Court upon a Motion for Stay Pursuant to 18 U.S.C. § 981(g)(2) (the "Motion for Stay," Doc. 6) filed by claimant Blade Christian Frierson ("Claimant"), which requests that this civil forfeiture proceeding be stayed pending the completion of related criminal matters.

1

A court must stay a civil forfeiture proceeding upon the motion of the claimant where: (1) the claimant is the subject of a related criminal case or investigation;[1] (2); the claimant has standing to assert a claim in the civil forfeiture proceeding; and (3) the continuation of the forfeiture proceeding would burden the right of the claimant against self-incrimination in the related criminal case. 18 U.S.C. § 981(g)(2).

In the Motion for Stay, Claimant describes numerous charges currently pending against him in the General Court of Justice for the County of Buncombe, North Carolina (the "State Charges") and advises that both the instant forfeiture proceeding and the State Charges include allegations that Claimant was operating a drug trafficking operation using the subject currency and vehicle. Doc. 6, ¶¶ 1(a)-(h), 2. Claimant further argues that he has standing to assert a claim in this action, based on his ownership of the subject currency and vehicle, and that without a stay, Claimant would be "compelled to truthfully answer the allegations of criminal conduct set forth in [the Complaint filed in this action], and those answers could be used against him in the pending criminal proceedings in state court." Doc. 6-1, p. 3. Finally, Claimant advises

---

[1] In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court considers the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors. 18 U.S.C. § 981(g)(4).

that he has consulted with the Assistant U.S. Attorney handling his matter, and that the Government does not oppose the Motion for Stay. Doc. 6, ¶ 4.

The Court finds that a stay of the proceedings is warranted under these circumstances.

Accordingly, the Motion for Stay Pursuant to 18 U.S.C. § 981(g)(2) (Doc. 6) is **GRANTED**, and this matter is **STAYED** for a period of 90 days. After the expiration of that 90-day period, the stay shall automatically dissolve unless the Government or Claimant show by motion (including a status report) reasons why the stay should not be lifted.

Signed: April 7, 2020

W. Carleton Metcalf
United States Magistrate Judge