IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 53 MR WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| APPROXIMATELY $9,393.00 IN U.S. CURRENCY seized from Blade Frierson on September 26, 2019 in Buncombe County, North Carolina; | ) | |
| APPROXIMATELY $24,484.00 IN U.S. CURRENCY seized from Blade Frierson on September 26, 2019 in Buncombe County, North Carolina; and | ) | |
| ONE 2019 TOYOTA TUNDRA CREWMAX TRUCK, VIN 5TFHY5F16KX809215 | ) | |
| Defendants, | ) | |
| BLADE CHRISTIAN FRIERSON, | ) | |
| Claimant. | ) | |

This matter is before the Court upon a Motion to Extend Stay (the "Motion to Extend," Doc. 8) filed by claimant Blade Christian Frierson ("Claimant"), which requests that the stay in this civil forfeiture proceeding be extended pending the completion of a related criminal matter.

1

On April 7, 2020, this Court entered an Order staying this action for 90 days based on Claimant's description of numerous charges currently pending against him in the General Court of Justice for the County of Buncombe, North Carolina (the "State Charges") and his assertion that the instant forfeiture proceeding and the State Charges include allegations that Claimant was operating a drug trafficking operation using the subject currency and vehicle. See Doc. 6, ¶¶ 1(a)-(h), 2. The April 7, 2020 Order provided that after the expiration of the 90-day period (which would expire on July 6, 2020), the stay would automatically dissolve unless the Government or Claimant showed by motion reasons why the stay should not be lifted.

On July 2, 2020, Claimant filed the Motion to Extend. Doc. 8. Therein, Claimant states that "the related state criminal proceedings are still pending a probable cause determination in Buncombe County District Court" and that "[t]he next court date for those matters is scheduled for July 17, 2020. Doc. 8, ¶ 3. Claimant contends that because this action "is based upon allegations that are the same as those alleged by the State in the criminal proceedings, a stay of these proceedings is necessary to preserve the Claimant's Fifth Amendment rights…." Doc. 8, ¶ 5. Claimant further represents that he has consulted with the Assistant U.S. Attorney handling this matter, and that the Government does not oppose the Motion to Extend. Doc. 8, ¶ 6.

The Court finds that a continuation of the stay of the proceedings is warranted under these circumstances.

Accordingly, the Motion to Extend Stay (Doc. 8) is **GRANTED**, and the stay previously entered in this matter is **EXTENDED** for a period of 90 days, through and including October 5, 2020. After the expiration of this extended period, the stay shall automatically dissolve unless the Government or Claimant show by motion reasons why the stay should not be lifted.

Signed: July 6, 2020

W. Carleton Metcalf
United States Magistrate Judge