IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 53 MR WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| APPROXIMATELY $9,393.00 IN U.S. CURRENCY seized from Blade Frierson on September 26, 2019 in Buncombe County, North Carolina; | ) ) ) ) | |
| | ) | |
| APPROXIMATELY $24,484.00 IN U.S. CURRENCY seized from Blade Frierson on September 26, 2019 in Buncombe County, North Carolina; and | ) ) ) ) | |
| | ) | |
| ONE 2019 TOYOTA TUNDRA CREWMAX TRUCK, VIN 5TFHY5F16KX809215 | ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| BLADE CHRISTIAN FRIERSON, | ) | |
| | ) | |
| Claimant. | ) | |

This matter is before the Court upon a Motion to Extend Stay (the "Motion to Extend," Doc. 10) filed by claimant Blade Christian Frierson ("Claimant"), which requests that the stay in this civil forfeiture proceeding be extended pending the completion of a related criminal matter.

1

On April 7, 2020, this Court entered an Order staying this action for 90 days based on Claimant's description of numerous charges currently pending against him in the General Court of Justice for the County of Buncombe, North Carolina (the "State Charges") and his assertion that the instant forfeiture proceeding and the State Charges include allegations that Claimant was operating a drug trafficking operation using the subject currency and vehicle. See Doc. 6, ¶¶ 1(a)-(h), 2 & Doc. 7. The April 7, 2020 Order provided that after the expiration of the 90-day period (which would expire on July 6, 2020), the stay would automatically dissolve unless the Government or Claimant showed by motion reasons why the stay should not be lifted. Doc. 7.

On July 6, 2020, the Court granted Claimant's first Motion to Extend the stay based on Claimant's assertion that "the related state criminal proceedings are still pending a probable cause determination in Buncombe County District Court" and that "[t]he next court date for those matters is scheduled for July 17, 2020." Doc. 8, ¶ 3; Doc. 9. The Court's July 6, 2020 Order extended the stay in this matter for a period of 90 days, through and including October 5, 2020. Doc. 9.

On September 30, 2020, Claimant filed the instant Motion to Extend. Doc. 10. Therein, Claimant states that the related state criminal proceedings are still pending a probable cause determination and that the next court date

2

Case 1:20-cv-00053-MR-WCM   Document 11   Filed 09/30/20   Page 2 of 3

for such matters is scheduled for December 11, 2020. Doc. 10, p. 2. Claimant further states that his counsel in these proceedings has conferred with defense counsel in the state court proceedings, who has advised that the state court proceedings remain in the same posture as they were in July. Id. Additionally, Claimant states that counsel for the Government does not oppose an extension of the stay. Id. at p. 3.

The Court finds that a continuation of the stay of the proceedings is warranted under these circumstances.

Accordingly, the Motion to Extend Stay (Doc. 10) is **GRANTED**, and the stay previously entered in this matter is **EXTENDED** for a period of 90 days, through and including January 4, 2021. After the expiration of this extended period, the stay shall automatically dissolve unless the Government or Claimant show by motion reasons why the stay should not be lifted.

Signed: September 30, 2020

_____
W. Carleton Metcalf
United States Magistrate Judge